JOSEPH BROWN

*v.*

WILLIAM B. WHITE.

*Opinion filed February 21, 1906.*

EVIDENCE—*when admitting a receipt for money is not harmful error.* In assumpsit to recover the balance alleged to be due on a sale of jewelry, admitting in evidence a receipt for $3000 from a wholesale house to the plaintiff for jewelry sold and a certificate stating that he had good title is not harmful error, even though the jewelry covered by the receipt and certificate is not shown to be the jewelry sold by the plaintiff to the defendant, where the only contested issue in the case is whether the defendant agreed to pay $500 for the jewelry, or $3300, as claimed by the plaintiff.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

LEO KORETZ, for appellant.

FREDERICK DUFFY, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

William B. White, the appellee, obtained a judgment in the superior court of Cook county against Joseph Brown, the appellant, for $2800, which judgment has been affirmed by the Appellate Court for the First District. The cause was submitted to the superior court for trial without the intervention of a jury. The controversy arises out of a sale of jewelry by appellee to appellant. Appellee contends that he was to receive $3300 for the jewelry and that only $500 of that amount has been paid, while appellant claims that the appellee sold him the jewelry for $500, which he paid at the time the jewelry was turned over to him.

Appellant urges that the finding of the superior court and Appellate Court is against the weight of the evidence,

and that the amount for which judgment was rendered in the superior court is excessive. Those questions cannot be considered here. The judgment of the Appellate Court is final as to each. *Consolidated Coal Co. v. Peers,* 150 Ill. 344; *Westville Coal Co. v. Schwartz,* 177 id. 272; *Meyer v. Purcell,* 214 id. 62.

For the purpose of showing that he was the owner of the jewelry at the time of the sale to the defendant, the plaintiff offered in evidence a receipt from a wholesale jewelry firm showing payment of $3000 by the plaintiff for a lot of jewelry, and a certificate made by the same firm stating that the plaintiff had good title and right to sell such jewelry. Both purported to have been made prior to the time of the sale by White to Brown, and the former testified that he received them at the time he purchased the goods in question. No particular description of the jewelry was contained in either document. The court, over the objection of the defendant, admitted both in evidence, and it is here urged that the action of the court in that regard was error, because it was not proved that the jewelry mentioned in the receipt and certificate was the same as that sold by the plaintiff to the defendant.

We think the testimony of White shows that this receipt and certificate were issued by the wholesale firm for the identical goods which were sold by White to Brown. However, if they did not refer to that jewelry their admission in this case was harmless error, in view of the fact that the only contested issue in the case is whether the defendant agreed to pay $500 for the jewelry, as he claims, or $3300, as claimed by the plaintiff, and the receipt and certificate did not purport to throw any light on that issue.

No other reasons are suggested by appellant for reversing the judgment of the Appellate Court. That judgment will therefore be affirmed.                    *Judgment affirmed.*